UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| APOLINAR VILLA AND JANETH AGUILAR-MARTINEZ, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO.: _____ |
| ALLSTATE TEXAS LLOYD'S, ASHLEY WADE, AND MARGARET SCOTT | § § § | |
| Defendants. | § § | |

DEFENDANT ALLSTATE TEXAS LLOYD'S
NOTICE OF REMOVAL

Defendant Allstate Texas Lloyd's files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(a) and shows as follows:

I.    INTRODUCTION

1.    This is an insurance coverage and bad faith case. On May 3, 2017, Plaintiffs filed their Original Petition in Cause No. 096-291912-17 in the 96th Judicial District Court of Tarrant County, Texas, initiating a civil cause of action against Defendants Allstate, Ashley Wade, and Margaret Scott. Exhibit C.

2.    Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between Plaintiffs and Defendant Allstate. Additionally, Defendants Wade and Scott have been fraudulently joined for the purpose of defeating diversity.

3.    Plaintiffs allege multiple intermingled causes of action against Defendants related to Defendants' handling of an insurance claim submitted by Plaintiffs. Plaintiffs specifically allege breach of contract, non-compliance with Chapters 541 and 542 of the Texas Insurance Code, breach

of the duty of good faith and fair dealing, fraud, and conspiracy to commit fraud. Plaintiffs further allege that Defendants' conduct was committed "knowingly" as those terms are defined in the Texas Insurance Code. Plaintiffs seek damages "over $200,000, but not more than $1,000,000." Exhibit C at ¶ 6.

4.      Defendant Allstate received the Citation and Plaintiffs' Original Petition by process server on or about May 18, 2017. Allstate filed its Original Answer on June 12, 2017. Exhibit F.

5.      Defendant Scott received the Citation and Plaintiffs' Original Petition by process server on or about May 22, 2017. Scott filed her Original Answer on June 12, 2017. Exhibit F.

6.      According to the Court's docket sheet, Defendant Wade was served on June 7, 2017. At the time of this filing, she has not yet filed her answer or otherwise appeared in this case.

7.      Allstate now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing Notice of Removal with the state court in which this case was previously pending.

## II.      GROUNDS FOR REMOVAL

8.      This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the proper parties involved are citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

### A.      Complete Diversity Exists Between the Parties.

9.      According to Plaintiffs' Original Petition, at the time this action was commenced, Plaintiffs were and still are, domiciled in Tarrant County, Texas. In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564 ( 5th Cir. 2011). A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change. *Id.* "Evidence of a person's place of residence...is prima facie proof of his domicile." *Id.* (citations omitted).

Furthermore, once established, "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change." *Id.* Thus, for purposes of diversity of citizenship, Plaintiffs are considered Texas citizens.

10.     Defendant Allstate Texas Lloyd's is a Lloyds plan, an entity engaged in the business of writing insurance on the Lloyds plan. The Lloyds plan is an unincorporated association, which is considered to have the citizenship of its members, the underwriters. Allstate Texas Lloyd's was, and at the date of this Notice, remains, an association of underwriters whose individual underwriters are all residents and citizens of the States of Illinois and New Jersey.[1] The United States Supreme Court has consistently held for over 100 years that the "citizenship of an unincorporated association [such as Allstate] is determined…solely by the citizenship of its members." See *Massey v. State Farm Lloyds Ins. Co.* 993 F. Supp. 568, 570 (S.D. Tex. 1998); see also *Gore v. Stenson*, 616 F. Supp. 895, 898-899 (S.D. Tex. 1984). The underwriters for Allstate Texas Lloyd's, all reside outside the State of Texas and have continuously resided outside the State of Texas from January 1, 2009 to the present. Accordingly, diversity of citizenship exists among Plaintiffs and Defendant Allstate.

11.     Although, according to Plaintiffs' Original Petition, Defendants Wade and Scott are citizens and residents of the State of Texas, they have been "fraudulently joined" in this lawsuit; Plaintiffs have not asserted any valid claim against them and joined them in this lawsuit solely in an effort to defeat diversity jurisdiction. A defendant may be disregarded as a party for purposes of establishing diversity if the court determines that the joinder is an improper device to defeat diversity jurisdiction and prevent removal. *Madison v. Vintage Pet., Inc.,* 114 F.3d 514 (5th Cir. 1997); *Smallwood v. Illinois Cen. Rail Co.,* 385 F.3d 568, 571 (5th Cir. 2004) *In re Benjamin Moore & Co.,* 318 F.3d 626 (5th Cir. 2002); *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353 (11th Cir. 1996); *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92,42 S.Ct. 35, 66 L.Ed. 144 (1921) (the "right of

---

[1] An Affidavit affirming the residency of the Underwriters will be supplemented.

removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy").

12.     To establish that a non-diverse defendant has been improperly joined, the removing party must prove: (1) actual fraud in the pleading of jurisdictional facts; or (2) the plaintiff's inability to establish a cause of action against the non-diverse defendant. *See Ross* v. *CitiFinancial, Inc.,* 344 F.3d 458,461-62 (5th Cir. 2003); *see also Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.,* No. H–09–1728, WL 3602043, *3 (S.D. Tex. Oct. 27, 2009) (Werlein, J.). However, whether a plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery. *Griggs v. State Farm Lloyds,* 181 F.3d. 694, 701 (5th Cir. 1999). The *Griggs* court required that the petition state specific "facts warranting liability" in order to defeat removal. *Id.* (emphasis added). In the instant case, this Court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability on Defendants Wade and Scott. *See Ross,* 344 F.3d at 462. A reasonable basis for state liability requires that there be a *reasonable* possibility of recovery, not merely a *theoretical* one. *Id.* In evaluating that question, the Fifth Circuit has held that the court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim. *See Campbell v. Stone Ins., Inc.,* 509 F.3d 665, 669 (5th Cir. 2007) (citing *Ross,* 344 F.3d at 462-63); *accord Travis v. Irby,* 326 F.3d 644, 648-49 (5th Cir. 2003).

13.     In order to assert a cognizable claim, Plaintiffs must put Defendants on fair notice of the allegations against them, not require Defendants to "glean" the factual basis of such allegations from a list of ambiguous legal conclusions. *See Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.,* 4:09–cv–165–A, 2009 WL 1437837, *3–4 (N.D. Tex. May 22, 2009) (McBryde, J.) (finding allegations that listed Insurance Code provisions and asserted that "defendants" violated such

---

**DEFENDANT ALLSTATE TEXAS LLOYD'S NOTICE OF REMOVAL**

84018992v1

provisions were "legal conclusions couched as factual allegations," which do not provide a reasonable possibility of recovery). In order to assert an actionable cause of action against an adjuster, Texas federal courts require the plaintiff to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer. *See, e.g., Okenkpu v. Allstate Texas Lloyd's*, No. H–11–2376, 2012 WL 1038678 (S.D. Tex. March 27, 2012) (Harmon, J.); *Centro Cristiano Cosecha Final, Inc. v. The Ohio Cas. Ins. Co.,* Civ. A. No. H–10–1846, 2011 WL 240335, *14 (S.D. Tex. Jan. 20, 2011) (Harmon, J); *Gonzales v. Homeland Ins. Co. of New York,* No. H–11–123, 2011 WL 3104104 (S.D. Tex. July 25, 2011) (Harmon, J.); *Emmanuel Deliverance Temple of Refuge, Inc. v. Scottsdale Ins. Co.,* No. H–10–4162, 2011 WL 2837588 (S.D. Tex. July 18, 2011) (Harmon, J.); *Jiminez v. Travelers Indem. Co.,* No. H–09–1308, 2010 WL 1257802, *6 (S.D. Tex. Mar.25, 2010) (Harmon, J.); *Glen Willow Apartments v. Lexington Ins. Co.,* No. H–10–2095, 2011 WL 1044206, *3 (March 16, 2001) (Harmon, J.).

14.     Plaintiffs' factual allegations regarding Defendants Wade and Scott do not form the basis for a meritorious or independent cause of action against them as opposed to the carrier. Rather, Plaintiffs have filed suit against Wade and Scott for the same reasons that Plaintiffs filed suit against Allstate. Plaintiffs are unhappy that Allstate denied "full" payment to them.

15.     Texas law does not contemplate that adjusters like Wade and Scott will be held individually liable for the insurance carrier's decision on a claim. *See Ardila v. State Farm Lloyds*, 2001 WL 34109 378 (S.D. Tex. 2001) (citing *Coffman v. Scott Wetzel Servs., Inc.*, 908 S.W.2d 516 (Tex. App.—Fort Worth 1995, no writ) (adjusters do not have liability under the DTPA for lack of good faith in processing insurance claims). Claims against an individual adjuster for "insufficient investigation and undervaluing the claim, incorporated into a report to [the carrier], is insufficient to

---

**DEFENDANT ALLSTATE TEXAS LLOYD'S NOTICE OF REMOVAL**

84018992v1

establish the possibility of a claim against him individually for violation of the Texas Insurance Code § 541.060(a), the DTPA, Business & Commerce Code §§ 17.41 et seq., and common law fraud." *See Centro Cristiano Cosecha Final v. The Ohio Cas. Ins. Co.*, No. 4:10-cv-01846, Memorandum Opinion dated January 20, 2011, p. 38; *see also Okenkpu v. Allstate Texas Lloyd's*, 2012 WL 1038678 (S.D. Tex. 2012) (Harmon, J.) (finding allegations virtually identical to those asserted by Plaintiffs in the instant case insufficient to establish the possibility of a claim against the adjuster). In addition, the Fifth Circuit has held, "there is no reasonable possibility that Texas would allow recovery under [former] Article 21.21 (or the Texas Deceptive Trade Practices Act (DPTA) against an insurance company employee, who in the course of his employment engages in the business of insurance, in the absence of evidence sufficient to sustain a finding that that employee himself committed a violation of Article 21.21 (or the DPTA) (and that such violation was a cause of damage or legally recognized harm to the plaintiff)." *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545 (5th Cir. 2004); *see also Mainali Corp. v. Covington Specialty Insurance Co.*, No. 3:15-CV-1087-D, 2015 WL 5098047, 3:15-CV-1087-D (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.); *One Way Investments v. Century Surety Company*, No. 3:14-CV-2839-D, 2014 WL 6991277 (N.D. Tex. Dec. 11, 2014) (Fitzwater, J.) (finding almost identical allegations against an adjuster insufficient to assert a cognizable cause of action against the adjuster); *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D. Tex. 2014) (Solis, J.) (holding, *inter alia*, that claims adjuster had been improperly joined because alleged misrepresentations that "there was no damage to . . . roof when in fact there was damage" and "that the damage was only cosmetic in nature when in fact there was leaking resulting from the damage" were not statements that related to coverage at issue); *Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, 2009 WL 3602043, *4 (S.D. Tex. 2009) (conclusory allegations regarding "some involvement" by adjuster assigned to investigate claim after

initial denial was not sufficient to support claims of fraud and Insurance Code violations); *Ford v. Prop. & Cas. Ins. Co. of Hartford*, 2009 WL 4825222 (S.D. Tex. 2009) (pleading that individual defendant was one of the adjusters assigned to the plaintiffs' claim was not sufficient to satisfy obligation under Texas law to allege that the adjusters, as individuals, committed the violation that caused the harm); ); *Lopez v. United Property & Casualty Ins. Co.*, 2016 WL 3671115, CA NO. 3:16-CV-0089 (S. D. Tex. July 11, 2016).

16.     Plaintiffs do not allege specific facts regarding any particular misrepresentations made by Defendants Wade and Scott, nor do Plaintiffs allege any specific detrimental reliance and injury from any such representation. Further, Texas courts have held that post-loss misrepresentations do not give rise to Insurance Code liability. *See Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 200 n.55 (Tex. 1990), *overruled on other grounds, Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378 (Tex. 2000); *Royal Globe Ins. Co. v. Bar Consultants, Inc.*, 577 S.W.2d 688, 694-95 (Tex. 1979); *Allstate Indem. Co. v. Hyman*, 2006 WL 694014, *8 (Tex. App.—Texarkana 2006, no pet.); *Avila v. Loya*; 2005 WL 1902120, *5 (Tex. App.—Amarillo 2005, no pet.); *Gulf States Underwriters of La., Inc. v. Wilson*, 753 S.W.2d 422, 430 (Tex. App.—Beaumont 1988, writ denied). Moreover, the Texas Supreme Court has recently noted that a dispute over whether a claim was factually within the policy's terms was not sufficient to be a misrepresentation under the Texas Insurance Code. *See Texas Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 445-46 (Tex. 2012).

17.     Plaintiffs jointly allege the same causes of action against Defendants Wade and Scott with respect to alleged noncompliance with Texas Insurance Code § 541, and then reiterate those same causes of action against Allstate. Exhibit C at ¶¶ 36-43, 53-58. Plaintiffs jointly allege the same causes of action against Defendants Allstate, Wade, and Scott with respect to alleged fraud and

conspiracy to commit fraud. Exhibit C at ¶¶ 44-48. In asserting these causes of action, Plaintiffs make the same boilerplate allegations by generically reciting sections of the Insurance Code without any factual specificity. *Id.* Plaintiffs have made no effort to distinguish between the conduct of the different Defendants or the alleged damages attributable to same. *Id.* Furthermore, Plaintiffs pray for exactly the same relief from all Defendants in the case, without specifying the portion of liability believed to be attributable to any one Defendant, including Wade or Scott. *See* Exhibit C at ¶¶ 68-75. Because Plaintiffs have failed to specifically plead and, hence, cannot demonstrate that they have a reasonable possibility of recovery against Wade and/or Scott, they were improperly joined in this action. *See Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545 (5th Cir. 2004) (carrier had "objectively reasonable grounds for believing that the removal was proper" where there was "no specific evidence" of wrongdoing on the adjuster's part); *Alvarez v. Liberty Mut. Fire Ins. Co.*, 2011 WL 1100246, at *3 (S.D.Tex. Mar.22, 2011) (Harmon, J.) (holding that a "near verbatim recitation of Chapters 541 and 542 of the Texas Insurance Code is insufficient" to support plaintiff's allegations against the adjuster); *Jimenez v. Travelers Indem. Co.*, No. H–09–1308, 2010 WL 1257802, at *2 (S.D.Tex. Mar.25, 2010) (Harmon, J.) (finding improper joinder because "plaintiffs have failed to identify any actionable conduct by [the adjuster] because they have not identified any specific misrepresentations that [the adjuster] has made"); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.*, No. 1:07–CV–988, 2008 WL 4533729, at *6 (E.D.Tex. Sept.29, 2008) (Hines, M.J.) (finding petition merely listing violations of the Insurance Code did not state a claim against the adjuster because "[u]ltimately, all allegations are conclusory, wholly lacking specific factual support, and merely assert that [the adjuster] violated the Texas Insurance Code"); *see also Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, Civ. A. No. H–09–1728, WL 3602043, at *3 (S.D.Tex. Oct. 27, 2009) (Werlein, J.) ("near verbatim recitation of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the

---

adjuster] individually" does not provide a reasonable possibility of recovery) (citations omitted); *Weber Paradise Apartments, LP v. Lexington Ins. Co. .,* 2013 WL 2255256, at \*8 (N.D.Tex. May 23, 2013) (Lindsay, J.) (quoting *Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir.1999) ("The mere recitation or paraphrasing of statutory provisions, absent at least a modicum of specificity, fails to meet Texas's 'fair notice' pleading standard. '[W]hether the plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery.' ")); *DeCluette v. State Farm Lloyds,* 2013 WL 607320, at \*3 (N.D.Tex. Feb.19, 2013) (Boyle, J.) (holding that plaintiff did not show reasonable basis to predict recovery against adjuster because plaintiff made only conclusory allegations, recited elements of causes of action, and "repeatedly refer[red] to the allegedly wrongful conduct as taken jointly by 'Defendants' ... without specifying the conduct taken by each separately").

18.     Plaintiffs' fraud and conspiracy to commit fraud claims also fail. In federal court, fraud claims are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b*). Omni USA, Inc. v. Parker–Hannifin Corp.*, 798 F.Supp.2d 831, 836 (S.D.Tex.2011); *Berry v. Indianapolis Life Ins. Co.*, 608 F.Supp.2d 785, 800 (N.D.Tex.2009) (applying Rule 9(b) to claims under the DTPA and Chapter 541 of the Texas Insurance Code). "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Wallace v. Tesoro Corp.*, 796 F.3d 468, 480 (5th Cir.2015) (citation omitted). In other words, a plaintiff must plead the "who, what, when, where, and how" of the fraud. *Williams v. Bell Helicopter Textron, Inc.,* 417 F.3d 450, 453 (5th Cir.2005) (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir.1997)).

19.     In this case, Plaintiffs' allege that Wade's and/or Scott's evaluation of the damage to

---

their home was inadequate, but they do not point to any specific statements that would satisfy Rule 9(b)'s requirements and allow this Court to find that they have adequately alleged a claim against Wade or Scott for fraud. *See, e.g., Columbia Mut. Ins. Co. v. Cedar Rock Lodge, LLC*, 1:15–CV–111–P–BL, 2016 WL 1073051, at *4 (N.D.Tex. Feb. 3, 2016), report and recommendation adopted, 1:15–CV–0111–P–BL, 2016 WL 1059677 (N.D.Tex. Mar. 17, 2016).

20.     Based upon the allegations in Plaintiffs' live pleading, there is no reasonable basis for predicting that Texas law will impose liability on Wade or Scott for Plaintiffs' claims or that Plaintiffs can establish a cause of action against them in state court. Wade and Scott have been improperly joined for the sole purpose of defeating diversity jurisdiction in this Court, and their citizenship, therefore should be disregarded. Therefore, complete diversity of citizenship exists between Plaintiffs and Defendants. Furthermore, because Wade and Scott were improperly joined in this action, their consent to removal is not required in this case. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

**C.**     <u>**The Amount in Controversy Exceeds $75,000.**</u>

21.     Additionally, the claims asserted by Plaintiffs exceed $75,000. Plaintiffs seek damages "over $200,000, but not more than $1,000,000." <u>Exhibit C at ¶ 6</u>. Thus, should Plaintiffs prevail on their claims herein, the damages potentially to be awarded exceed $75,000 on their face.

### III.     <u>VENUE</u>

22.     Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the 96th Judicial District Court of Tarrant County, Texas, and a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in that district.

## IV.   **PROCEDURAL REQUIREMENTS**

23.     Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed:

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| A. | Index of Matters Being Filed |
| B. | Docket Sheet in the state court action |
| C. | Plaintiff's Original Petition filed in the 96th Judicial District Court of Tarrant County, Texas on May 3, 2017 |
| D. | Citation to Allstate Texas Lloyds, delivered on May 18, 2017 |
| E. | Citation to Margaret J. Scott, delievered on May 20, 2017 |
| F. | Defendants Allstate Texas Lloyd's and Margaret Scott's Original Answer filed in the 96th Judicial District Court of Tarrant County, Texas on June 12, 2017 |
| G. | Citation to Ashley Wade, delievered on June 7, 2017 |
| H. | List of Counsel of Record |

24.     This Notice of Removal is being filed within 30 days of service of the citation and Plaintiffs' Original Petition, and is thus timely filed under 28 U.S.C. §1446(b). There exists an actual and justiciable controversy between Plaintiffs and Defendants with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

25.     Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice.

26.     Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same.

27.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the District Clerk for the 96th Judicial District Court of Tarrant County, Texas promptly after filing of same.

28.     Plaintiffs have made a jury demand.

**DEFENDANT ALLSTATE TEXAS LLOYD'S NOTICE OF REMOVAL**

84018992v1

## V.     CONCLUSION

Defendant Allstate Texas Lloyd's respectfully requests that the above-captioned action now pending in the 96th Judicial District Court of Tarrant County, Texas be removed to the United States District Court for the Northern District of Texas, Fort Worth Division.

Respectfully Submitted,

W. NEIL RAMBIN
State Bar No. 16492800
rambindocket@dbr.com
SUSAN E. EGELAND
State Bar No. 24040854
susan.egeland@dbr.com
SARA E. INMAN
State Bar No. 24073098
sara.inman@dbr.com

DRINKER BIDDLE & REATH LLP
1717 Main Street, Suite 5400
Dallas, Texas 75201
(469) 357-2533
(469) 327-0860 (fax)

**ATTORNEYS FOR DEFENDANT
ALLSTATE TEXAS LLOYD'S**

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on June _16_, 2017.

      Rene M. Sigman
      rmsdocketefile@mostynlaw.com
      3810 West Alabama Street
      Houston, Texas 77027
      (713) 714-0000 (Office)
      (713) 714-1111 (Facsimile)

                                    SUSAN E. EGELAND

---

**DEFENDANT ALLSTATE TEXAS LLOYD'S NOTICE OF REMOVAL**

84018992v1